IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

IN RE:

FRANK ENRIQUE TORRES RODRIGUEZ

INGRID SORAYA SILVA RODRIGUEZ


xx-xx-1782

xx-xx-5070

                Debtor(s)

CASE NO. 24-00428-EAG13

Chapter 13




FILED & ENTERED ON OCT/30/2024

**OPINION AND ORDER**

Frank Enrique Torres Rodríguez and Ingrid Soraya Silva Rodríguez filed their petition for relief under Chapter 13 of the Bankruptcy Code on February 6, 2024. (Dkt. No. 1.) Pending before the court is their objection to the secured status of proof of claim number 5-1 filed by Island Portfolio Services LLC as servicer for PR Recovery and Development REO, LLC, Island Portfolio's answer thereto, and Mr. Torres Rodriguez and Mrs. Silva Rodriguez's motion to supplement the objection to claim. (Dkt. Nos. 34, 60 & 72.) Mr. Torres Rodriguez and Mrs. Silva Rodriguez allege that Island Portfolio's mortgage expired by operation of state law. Island Portfolio opposes based on judicial estoppel, res judicata and the Rooker-Feldman doctrine. And as per the minutes of the confirmation hearing, Island Portfolio also argued that the applicable statute of limitations was tolled, and that Mr. Torres Rodriguez and Mrs. Silva Rodriguez waived their right to raise such defense. (Dkt. No. 66.) For the reasons stated below, Mr. Torres Rodriguez and Mrs. Silva Rodriguez's objection to claim is granted and Island Portfolio's claim is allowed as a general unsecured claim.

**I.   JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court

for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).[1]

**II.   FACTS AND PROCEDURAL BACKGROUND**

**A. The Loan and the State Court Case**

On November 2, 1984, Frank Torres Ortiz and Aurea Rodríguez de Torres, the deceased parents of Mr. Torres Rodriguez, executed a mortgage note in the amount of $500,000 in favor of Corporación de Crédito Agrícola or to its order. The mortgage note is secured by deed of mortgage number 174 executed on November 2, 1984, before Notary Public Carmen Dolores Ruiz Lopez. (Proof of Claim No. 5-1, Part 10 & Part 11.) The mortgage deed was presented before the Property Registry on December 3, 1984. (Proof of Claim No. 5-1, Part 11, p. 6.)

The mortgage encumbered a property described in the Spanish language as follows:

RUSTICA: "A" porción de terreno situada en los barrios Segunda Ensenada y Hato del Pastillo, del término municipal de Guánica. Tiene de cabida ciento veinticinco cuerdas con siete mil seis cientos cuarentidos diez milésimas de otro, o sea, cuatrocientos noventicuatro mil trescientos dos metros cuadrados con siete mil setecientos cuarenticinco diez milésimas de otro; colindando por el NORTE, con terrenos de Eduardo Quiñones y Martorell, antes luego con Delfín Rodriguez Favale; por el SUR, con el mar caribe; por el Saliente, con el mismo mar; por el Poniente, con terrenos de Eugenia Quiñones Martorell, antes, luego las colindancia fueron: NORTE, Delfín Rodriguez Favale; por el SUR, con el mar Caribe; por el ESTE, con el mismo mar; por el OESTE, con la finca "B" o sea,

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

terrenos de la misma finca de la separa pertenecientes ahora de las comparecientes Isabel Irmina Quiñones Rivera y Flor de Maria Quiñones Rivera.

The property is recorded at page 216 of volume 72 of Guánica, property number 2,358, Property Registry of San Germán. The property is listed on amended Schedule A/B. (Dkt. No. 29, p. 6.)

On March 31, 1987, Corporación de Crédito Agrícola filed a collection of monies complaint against Valley Produce, Inc., Mr. Torres Ortiz, Mrs. Rodríguez de Torres, Marta Viada Bellido de Luna, and Mr. Torres Rodriguez in the Court of First Instance of Puerto Rico, Superior Court of Ponce. (Dkt. No. 34, Exhibit 1.) The state court entered judgment against such defendants on March 12, 1990. (Proof of Claim No. 5-1, Part 3.) The complaint and the judgment do not include any relief regarding the mortgage note.

On December 29, 2006, Mr. Torres Rodriguez and the other defendants in the state court case filed an Agreement for Payment of Judgment with the Corporación de Crédito Agrícola's successor in interest, Banco de Desarrollo Económico para Puerto Rico, for payment of the judgment. (Proof of Claim No. 5-1, Part 4.) The parties agreed therein to certain terms and conditions for payment of the judgment. Upon default, the plaintiff would be entitled to proceed with the foreclosure of the property.

On March 2, 2011, upon default with the terms of the Agreement for Payment of Judgment, the state court issued an order for execution of judgment, which included the foreclosure of the property per the terms of the agreement. On March 16, 2011, the state court issued the corresponding writ. (Proof of Claim No. 5-1, Part 6 & Part 7.)

On January 24, 2024, the state court issued an amended order for execution of judgment, which included the foreclosure of the property. On January 30, 2024, the state court issued the corresponding writ. (Proof of Claim No. 5-1, Part 8 & Part 9.)

**B. Bankruptcy Case Number 11-06093[2]**

On July 18, 2011, Mr. Torres Rodriguez and Mrs. Silva Rodriguez filed a petition for relief under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 11-06093, Dkt. No 1.) In such case, Mr. Torres Rodriguez and Mrs. Silva Rodriguez and Banco de Desarrollo Económico para Puerto Rico filed a stipulation, whereby the parties reached an agreement for payment of such creditor's secured claim and acknowledged the lien over the property. The stipulation, which provides for it to be incorporated into the Chapter 11 plan, was approved by the court. (Bankr. Case No. 11-06093, Dkt. Nos. 194 & 206.) On November 1, 2013, the court entered an order confirming the Chapter 11 plan and on February 3, 2015, the case was closed upon entry of the final decree. (Bankr. Case No. 11-06093, Dkt. Nos. 253 & 305.)

**C. Bankruptcy Case Number 16-06971**

On August 31, 2016, Mr. Torres Rodriguez and Mrs. Silva Rodriguez filed another petition for relief under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 16-06971, Dkt. No. 1.) On February 2, 2018, the court confirmed a Chapter 11 plan on case number 16-06971. (Bankr. Case No. 16-06971, Dkt. No. 147.) The confirmed plan treated Banco de Desarrollo Económico para Puerto Rico's claim as secured and stated that such creditor held a lien over the property. (Bankr. Case No. 16-06971, Dkt. No. 110.) On January 28, 2020, the case was closed upon entry of the final decree. (Bankr. Case No. 16-06971, Dkt. No. 229.)

On October 16, 2020, PR Recovery and Development JV, LLC, as successor in interest of Corporación de Crédito Agrícola and Banco de Desarrollo Económico para Puerto Rico, filed a motion to reopen case and a motion to dismiss under § 1112(b)(4)(N). (Bankr. Case No. 16-06971, Dkt. Nos. 239, 241.) After various

---

[2] The court notes that Mr. Torres Rodríguez filed bankruptcy cases number 89-01962, 97-13839 and 00-6997 prior to 2011 but will only address in this Opinion and Order the two joint petitions discussed by Island Portfolio in its answer to the objection to claim.

procedural events, on November 8, 2021, the court dismissed case number 16-06971. (Bankr. Case No. 16-06971, Dkt. No. 278.)

**D. The Instant Petition and the Objection to Claim**

On February 6, 2024, Mr. Torres Rodriguez and Mrs. Silva Rodriguez filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. (Dkt. No 1.)

On February 28, 2024, Island Portfolio filed claim number 5-1 in the amount of $1,778,006.05 fully secured by the property. (Proof of Claim No. 5-1.)

On May 14, 2024, Mr. Torres Rodriguez and Mrs. Silva Rodriguez filed the objection to claim alleging that pursuant to state law, Island Portfolio's mortgage over the property expired and consequently, such creditor is unsecured. The debtors stated that according to the procedure established by state law, they filed a pre-petition request with the Property Registry ("instancia") for cancellation of the lien. (Dkt. # 34.) On May 15, 2024, the court entered an order denying the objection to claim for failure to submit evidence of its service to Island Portfolio. (Dkt. No. 36.) But after curing the deficiency on June 21, 2024, the court entered an order granting Mr. Torres Rodriguez and Mrs. Silva Rodriguez's motion to inform and for reconsideration, setting aside the order denying the objection to claim, and granting Island Portfolio thirty days to reply to the objection to claim. (Dkt. No. 53.)

On July 2, 2024, Island Portfolio filed its answer to objection to claim raising judicial estoppel and res judicata and arguing that this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to adjudicate the objection to claim. (Dkt. No. 60.)

On July 17, 2024, the court held a confirmation hearing in which the parties argued their respective positions. (Dkt. No. 66.)

On September 5, 2024, Mr. Torres Rodriguez and Mrs. Silva Rodriguez filed a motion to supplement the objection to claim to include a certification issued

by the Property Registrar of Section I of San Germán evidencing that Island Portfolio's lien over the property was cancelled. (Dkt. No. 72.)

**III.  POSITION OF THE PARTIES**

**A. Mr. Torres Rodriguez and Mrs. Silva Rodriguez**

Mr. Torres Rodriguez and Mrs. Silva Rodriguez allege that pursuant to Puerto Rico's mortgage law, the statute of limitations or prescription ("prescripción") for a mortgage foreclosure is twenty years. Island Portfolio's predecessors in interest failed to file a foreclosure action during such period to effectively toll the statute of limitations.  They further allege that the state court case claimed solely collection of monies, which does not have a tolling effect. Therefore, the mortgage expired by operation of state law. Mr. Torres Rodriguez and Mrs. Silva Rodriguez proceeded to request the Property Registrar to cancel the lien. And as evidenced by the certification issued by the Property Registrar dated August 27, 2024, the lien was cancelled. (Dkt. No. 72.) Therefore, Island Portfolio is now an unsecured creditor. (Dkt. No. 34.)

**B. Island Portfolio**

Island Portfolio alleges that: (1) Mr. Torres Rodriguez and Mrs. Silva Rodriguez are judicially estopped from challenging its mortgage and status as a secured creditor considering their representations in  cases  number 11-06093 and 16-06971 regarding the validity of the lien and the secured status of Island Portfolio's claim; (2) Mr. Torres Rodriguez and Mrs. Silva Rodriguez are precluded from challenging Island Portfolio's mortgage over the property under the doctrine of res judicata and the res judicata effect of the confirmed plans in cases number 11-06093 and 16-06971 pursuant to §1141(a); and (3) this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to consider the validity of its mortgage lien the execution of which was mandated in the state court case. (Dkt. No. 60).

Also, the minutes of the confirmation hearing held on held on July 17, 2024 show that Island Portfolio alleged that in the Agreement for Payment of

Judgment entered in state court on December 29, 2006, Mr. Torres Rodriguez expressly waived any right to raise objections and defenses, (including objections to allegations of the interruption of the prescriptive period) and the right to raise the affirmative defense of prescription. (Dkt. Nos. 64, 66.) In support thereof, Island Portfolio referred to the waiver provision in the Agreement for Payment of Judgment which provides in the Spanish language as follows:

Evento de ejecución este, en relación con el cual queda clara y expresamente convenido que la parte demandada renuncia a presentar todas y cualesquiera objeciones, defensas, planteamientos argumentos, recurrir de la sentencia mediante revisión apelación, certiorari o cualquier otro recurso judicial de cualquier naturaleza, que no sea el pago según lo convenido y conviniendo además a tales efectos, la interrupción del término dispuesto por la Regla 51.1 de las de Procedimiento Civil de 1979 para la ejecución de las sentencias.

(Proof of Claim No. 5-1, Part 4, p. 3.) This provision translates to "the defendants expressly agree to waive any objections, defenses, arguments, appeals, certiorari requests or any other judicial proceeding of any nature that is not the payment in accordance with the agreement and agreeing in addition to the tolling of the term provided in Rule 51.1 of the Rules of Civil Procedure of 1979 for the execution of judgments." Id. (translation ours).

Additionally, the minutes show that Island Portfolio alleged at the hearing that, even though the state court case was filed as a collection action, it became a foreclosure action through the Agreement for Payment of Judgment. And the twenty-year prescriptive period was therefore tolled for the mortgage foreclosure action. (Dkt. Nos. 64 & 66.) These additional arguments raised at the hearing, as reflected on the minute, were not included in the answer to the objection to claim and were never briefed. (Dkt. No. 60.)

**IV. LEGAL ISSUES**

(i) Whether this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine;

(ii) whether res judicata or judicial estoppel are applicable and prevent debtors from setting forth the arguments raised in the objection to claim;

(iii) whether Island Portfolio effectively tolled the prescriptive period for a mortgage foreclosure action; and

(iv) whether in the Agreement for Payment of Judgment, debtors expressly waived any right to raise objections and defenses, (including objections to allegations of the interruption of the prescriptive period) and the right to raise the affirmative defense of prescription and consequently, such mortgage is still duly constituted and enforceable.

**V. APPLICABLE LAW AND ANALYSIS**

**A. Court's Jurisdiction and the Rooker-Feldman Doctrine**

Island Portfolio alleges that this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to consider any challenge to the validity of the mortgage whose execution was ordered by the state court. "The issue of subject matter jurisdiction should be resolved before addressing the merits of the action." In re Travers, 507 B.R. 62, 66 (Bankr. D. R.I. 2014). As such, the court will first discuss its subject matter jurisdiction as it relates to the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine, which is derived from the Supreme Court decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), "prohibits lower federal courts, including bankruptcy courts, from reviewing final state court judgments." In re Schwartz, 409 B.R. 240, 246-47 (B.A.P. 1st Cir. 2008). "The Rooker-Feldman doctrine precludes courts from exercising subject matter

jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." Mills v. Harmon L. Offs., P.C., 344 F.3d 42, 44 (1st Cir. 2003).

The Supreme Court granted certiorari in Exxon Mobil Corp. v. Saudi Basic Indus. Corp. "to resolve conflict among the Courts of Appeals over the scope of the Rooker–Feldman doctrine." 544 U.S. 280, 291 (2005). The Supreme Court clarified that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. "[T]he Rooker-Feldman jurisdictional bar 'is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment.'" Tyler v. Supreme Jud. Ct. of Massachusetts, 914 F.3d 47, 51 (1st Cir. 2019) (quoting Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018)). "In our First Circuit . . . the Rooker–Feldman doctrine is applicable in both district and bankruptcy courts alike." In re Vazquez, 467 B.R. 550, 555 (Bankr. D. P.R. 2012).

The Bankruptcy Appellate Panel for the First Circuit has found that Rooker-Feldman is applicable when: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites the federal court to review and reject the judgment; and (4) the state court judgment was rendered before the federal court proceedings began." In re Burgess, 2021 Bankr. LEXIS 1410, at *13 (B.A.P. 1st Cir. May 21, 2021) (quoting In re Schwartz, 409 B.R. at 247)). Moreover, "[a]

federal claim is 'inextricably intertwined' with state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" In re Schwartz, 409 B.R. at 247.

Island Portfolio alleges that the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine "[b]ecause the first Order and Writ by the [State Court] for the foreclosure of the mortgage through the sale of the Property at public auction were issued back in 2011 (without the Debtors having sought reconsideration or appellate review therefrom) . . . .." (Dkt. No. 60, p. 15.)

The court disagrees. Mr. Torres Rodriguez and Mrs. Silva Rodriguez are not complaining in the instant case of injuries caused by the state court in the orders and writs as required for the limited scope of the Rooker-Feldman doctrine to apply. Neither are they inviting this court to review and reject them. On the contrary, Mr. Torres Rodriguez and Mrs. Silva Rodriguez acknowledge the debt, that the property was encumbered by a valid mortgage lien, and that the state court ordered the foreclosure of the property. But they argue that, at this juncture, they have exercised their rights pursuant to state law to request the cancellation of the mortgage because the statute of limitations for a mortgage foreclosure expired. And that the Property Registrar proceeded to cancel the lien which is no longer recorded over the property as evidenced by the Property Registrar's certification. (Dkt. No. 72.) Thus, Mr. Torres Rodriguez and Mrs. Silva Rodriguez are not asking this court to review the state court order. Rather, they are requesting that this court determine the validity of Island Portfolio's lien and whether it is a secured or unsecured creditor, which are not matters "inextricably intertwined" with questions already adjudicated by the state court.

The critical datum for applicability of the Rooker-Feldman doctrine is whether Mr. Torres Rodriguez and Mrs. Silva Rodriguez's objection to claim is, in effect, an end-run around the final state court orders and writs for

foreclosure of the property. The court finds that it is not an end-run around the state court orders, which never adjudicated or even addressed the validity of the mortgage lien. Thus, the Rooker-Feldman doctrine does not deprive the court from subject matter jurisdiction to determine the validity of the mortgage lien.

**B. Judicial Estoppel and Res Judicata**

Island Portfolio also alleges that judicial estoppel and res judicata preclude Mr. Torres Rodriguez and Mrs. Silva Rodriguez from challenging the lien over the property considering the treatment provided to the claim in the confirmed plans in cases number 11-06093 and 16-06971, as well as in the Agreement for Payment of Judgment entered in state court.

The doctrine of judicial estoppel "is equitable in nature." Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010). The doctrine prevents "a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." In re Buscone, 61 F.4th 10, 21 (1st Cir. 2023) (quoting Rockwood v. SKF USA Inc., 687 F.3d 1, 11 (1st Cir. 2012)). It "is a judge-made doctrine designed to protect the integrity of the judicial system" and is invoked by the court at its discretion. Perry v. Blum, 629 F.3d 1, 10 (1st Cir. 2010). See also, New Hampshire v. Maine, 532 U.S. 742, 750 (2001). While courts may consider several factors in assessing the applicability of judicial estoppel, the Supreme Court declined to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." New Hampshire v. Maine, 532 U.S. at 743. Moreover, courts should only invoke judicial estoppel, which is an extraordinary remedy, "when a party's inconsistent behavior will result in a miscarriage of justice." ASARCO LLC v. Americas Mining Corp., 396 B.R. 278, 331 (S.D. Tex. 2008).

Regarding the doctrine of res judicata, "[u]nder federal law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). The elements of a res judicata defense are the following: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id. "It [] has long been settled that an order confirming a plan is to be given *res judicata* effect." Calderon v. CitiMortgage, Inc., 437 B.R. 25, 30 (D.P.R. 2010). In this regard, 11 U.S.C. § 1141 provides that "the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor . . .."

Mr. Torres Rodriguez and Mrs. Silva Rodriguez acknowledged Island Portfolio's mortgage in cases number 11-06093 and 16-06971 and did not raise that such mortgage was extinguished by operation of law. However, the perfection of a mortgage lien in Puerto Rico cannot be accomplished through the provisions of a confirmed plan. Neither can a confirmed plan revive the expiration of the prescriptive period, which was raised in the objection to claim filed in the instant petition and not in the previous petitions. Simply put, state law governs the validity of Island Portfolio's security interest in the property. See Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); Soto-Rios, 662 F.3d at 117 ("Local law ordinarily dictates the existence and extent of an entity's interest in property."); In re Acosta, 464 B.R. at, 94 ("The perfection of a security interest in a real property is

governed by state law."); In re Cooperativa Cafeteros De Puerto Rico, 23 B.R. 22, 24 (Bankr. D.P.R. 1982) ("No creditor is secured in bankruptcy unless there is a lien held by him or accruing to his benefit on property of the bankrupt, the lien being created by special agreement, operation of law, statute or judicial proceedings.").

The doctrines of judicial estoppel and res judicata cannot supersede the provisions of state law governing a creditor's security interest in property. This court "may not ignore plain statutory text based on considerations of equity." Hughes v. Canadian Nat'l Ry. Co., 105 F.4th 1060, 1068 (8th Cir. 2024).

**C. Determination of Security Interest of Island Portfolio**

Island Portfolio claims to be a duly secured creditor with a valid mortgage over the property. The court must evaluate state law to determine the security interest of such creditor. See Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 117 (1st Cir. 2011) ("Local law ordinarily dictates the existence and extent of an entity's interest in property."); In re Acosta, 464 B.R. 86, 94 (Bankr. D.P.R. 2011) ("The perfection of a security interest in a real property is governed by state law."); In re Vaqueria Las Martas, Inc., 617 B.R. 429, 431 (Bankr. D.P.R. 2020) ("The secured interest of Condado must be determined by applicable non-bankruptcy law, that is, Puerto Rico law.")

In its analysis of state law, this court is bound by the current interpretation of that law formulated by the Supreme Court of Puerto Rico. See Daigle v. Maine Med. Ctr., Inc., 14 F.3d 684, 689 (1st Cir. 1994) ("A federal court sitting in diversity jurisdiction and called upon in that role to apply state law is absolutely bound by a current interpretation of that law formulated by the state's highest tribunal."); HSBC Bank USA, N.A. v. Lassman, 550 B.R. 157, 160 (D. Mass.) (quoting Showtime Entm't, LLC v. Town of Mendon, 769 F.3d 61, 79 (1st Cir.2014)) (stating that federal courts are "generally tasked with making an 'informed prophecy' of how the highest state court would rule on a question".)

**i. Perfection and Cancellation of a Mortgage under Puerto Rico Law**

Article 180 of the Mortgage and Property Registry Act of 1979 (the "1979 Mortgage Act")[3] provides that a "mortgage action prescribes twenty years from the date it could have been brought in accordance with the recorded title." P.R. Laws. Ann. tit. 30, § 2576. The Puerto Rico Civil Code of 1930 ("1930 Civil Code") also states that "[a] mortgage action prescribes after twenty (20) years . . . ." P.R. Laws. Ann. tit. 31, § 5294. "Actions are prescribed by the mere lapse of time specified by law." P.R. Laws. Ann. tit. 31, § 5291. The court notes that such prescriptive period remained the same in the Real Property Registry Act of the Commonwealth of Puerto Rico and in Puerto Rico Civil Code of 2020. See P.R. Laws. Ann. tit. 30, § 6162 & P.R. Laws. Ann. tit. 31, § 9496.

"In Puerto Rico, a mortgage has an accessory nature, meaning that it is an accessory property right, in terms of the existence of a principal obligation serving as a security." Bautista Cayman Asset Co. v. Est. of Maldonado-Morales, 2017 WL 3534994, at *5 (D.P.R. Aug. 15, 2017). Given this accessory nature of a mortgage, the Supreme Court of Puerto Rico has stated that one of the ways in which the principal obligation ceases to exist is through prescription. Therefore, generally, a mortgage is extinguished upon the expiration of the

---

[3] Debtors cited in the objection to claim the statute of limitations for a mortgage foreclosure and the provisions for cancellation of a mortgage under Act No. 210 of December 8, 2015, known as "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" ("Real Property Registry Act of the Commonwealth of Puerto Rico") (translation ours). However, the mortgage deed was executed in 1984, prior to the enactment of such Act. Therefore, the mortgage deed is governed by the mortgage law in effect at such time, which is the 1979 Mortgage Act, P.R. Laws Ann. tit. 30, § 2001 et seq. See Rivera Mercado, 599 B.R. 406, 418 n. 6 (B.A.P. 1st Cir. 2019) ("On December 8, 2015, Puerto Rico's legislature passed Act 210-2015, known as the Commonwealth's Property Registry Act. See P.R. Laws Ann. tit. 30, §§ 6001, et seq. (2015). The Mortgage at issue in this case, however, was executed in 2014 and therefore is governed by the Mortgage and Property Registry Act of 1979.") See also, Bautista Cayman Asset Co. v. Estate of Maldonado-Morales, 2017 WL 3534994, at *5 n.2 (D.P.R. Aug. 15, 2017) (recognizing that mortgage executed in 2011 was governed by the Mortgage and Property Registry Act of 1979). The same applies to the Civil Code of Puerto Rico. The Civil Code of Puerto Rico of 1930 was superseded on June 1, 2020 by Act No. 55 to establish the Puerto Rico Civil Code of 2020. "Article 9 of the [2020 Civil Code] provides that there is no retroactive effect except when it expressly states the contrary. The retroactive effect of a law may not prejudice the acquired rights under the prior law." In re Nat'l Promoters & Servs. Inc., 2021 WL 961071, at *7 (Bankr. D.P.R. Mar. 12, 2021). See also, Benitez-Pons v. Fideicomiso de Conservacion de Puerto Rico, 2024 WL 1285938, at *8 (D.P.R. Mar. 26, 2024) ("Since Deed No. 83 was entered in 2013, the Civil Code of Puerto Rico of 1930, as amended, applies.") Thus, this courts analysis will be based on the 1930 Civil Code and the 1979 Mortgage Act.

prescriptive period to exercise a mortgage foreclosure action. See, Westernbank v. Registradora, 174 P.R. Dec. 779, 785 (2008).[4]

To this effect, Article 145 of the 1979 Mortgage Act provides the following regarding the cancellation of a duly recorded mortgage:

At the request of a party, by notarized affidavit, Registrars shall cancel mortgages which expired more than twenty years before or, if they had no maturity date when granted, after being established, provided the following conditions are met:

(1) That no lawsuit or procedure for the collection or foreclosure of the mortgage whatsoever appears in the Registry.

(2) That in spite of the time that has elapsed, the Registry does not reveal that said lien still exists because of some claim, act or acknowledgment that may denote the existence of a mortgage, by suspension or interruption of the releasing prescription, or any other cause.

P.R. Laws. Ann. tit. 30, § 2469. The court notes that Real Property Registry Act of the Commonwealth of Puerto Rico includes an identical provision in its Article 120. See P.R. Laws. Ann. tit. 30, § 6163.

Therefore, "registrars will cancel those mortgages that exceed twenty years from becoming due or if no time term is shown, then from twenty years from when the mortgages were executed." Fed. Deposit Ins. Corp. v. Sunrise Partners II, S.E., 2012 WL 12996278, at *6 (D.P.R. July 13, 2012), report and recommendation adopted, 2012 WL 12996207 (D.P.R. July 31, 2012). "In summary, the Mortgage Act provides that, when a mortgage has no specific date when it

---

[4] The Supreme Court of Puerto Rico stated the following in the Spanish language: "Ciertamente, la prescripción es una de las maneras mediante las cuales la obligación principal pierde su vigencia. En vista de ello, y dado que la vigencia de la hipoteca depende de la vigencia de la obligación principal, resulta evidente que la hipoteca se extingue por la prescripción o inacción del titular del crédito hipotecario en el tiempo determinado por ley. [L.R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 2da ed. rev., Río Piedras, Jurídica Editores, 2002, pág. 508.] Por lo tanto, la doctrina entiende que es imposible la subsistencia de la acción hipotecaria una vez prescrita la acción personal, ya que un acreedor hipotecario conserva la facultad legal para ejecutar su hipoteca siempre que el crédito garantizado siga vigente."

becomes due, the prescriptive term to apply is twenty-years as provided in the 1930 Civil Code since the mortgage was registered with the Registrar of the Property, for a mortgage is not constituted unless it has been registered." Id.

In Puerto Rico, a mortgage is "constituted and perfected as of the date of the presentation . . . ." In re Soto Rios, 2010 WL 1416910, at *8 (Bankr. D.P.R. Apr. 8, 2010). The date of the presentation of the mortgage in the Property Registry "shall be the decisive moment for this recordation to become effective, because the effects of recordation in the Registry are retroactive to the specific date of presentation." In re Rios, 420 B.R. 57, 70 (Bankr. D.P.R. 2009), subsequently aff'd sub nom. Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112 (1st Cir. 2011).

Therefore, to determine the prescriptive period of the mortgage constituted under the mortgage deed, this court must examine the date of presentation of such deed in the Property Registry. The mortgage note, payable upon demand, was presented in the Property Registry on December 3, 1984 and was subsequently recorded. (Proof of Claim No. 5-1, Part 11, p. 6.) Thus, the prescriptive period of the mortgage in question expired on December 3, 2004, unless effectively tolled.

**ii. Tolling of the Prescriptive Period**

Article 1873 of the 1930 Civil Code provides that "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws. Ann. tit. 31, § 5303.

Mr. Torres Rodriguez and Mrs. Silva Rodriguez cited two Supreme Court of Puerto Rico cases in support of their position regarding the cancellation of a mortgage after the prescriptive period has elapsed and the requirements for tolling such period: Distribuidores Gas PR v. Registradora, 188 P.R. Dec. 351 (2013); and Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. 96, 96 P.R.

Offic. Trans. 13 (2016). These cases must be analyzed jointly as they relate to the same parties and facts.

The cases relate to creditor Distribuidores Unidos de Gas de Puerto Rico, Inc., which filed a complaint against certain defendants within the twenty-year statute of limitations, but only filed a collection of monies action and not a mortgage foreclosure action. While such case was pending, the defendants requested the cancellation of one of the mortgages securing the creditor's claim. After the twenty-year statute of limitations elapsed, the creditor amended its complaint to include mortgage foreclosure as a cause of action and requested that a cautionary notice of complaint be recorded in the Property Registry. Upon examining the documents filed with the Property Registry, the "Registrar recorded a note of mortgage cancellation by prescription as twenty years had elapsed since the mortgage was constituted, and the interruption of said term had not been entered in the books of the Registry within the limitation period." Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. at 102-103, 96 P.R. Offic. Trans. 13. Therefore, "the Registrar denied recording the cautionary notice of complaint, stating that the mortgage in question had been extinguished by prescription, per the entries in the Registry." Id.

In the first case of Distribuidores Gas PR v. Registradora, 188 P.R. Dec. 351 (2013), the creditor filed an administrative appeal from the Property Registrar's decision known as a "Recurso Gubernativo." The creditor argued in relevant part that prescription was tolled by the filing of the complaint in 2009 prior to the lapse of such period because the amended complaint, which was filed in 2010 after the prescriptive period had elapsed, included a mortgage foreclosure claim and such amended complaint relates back to the original date of filing the complaint in 2009. Thus, it argued that with such retroactive effect, the complaint as amended interrupted or tolled the prescriptive period and the mortgage subject of the cancellation request had not been extinguished.

The Supreme Court of Puerto Rico affirmed the Property Registrar's decision to cancel the mortgage upon the expiration of the prescriptive period. The decision is limited to the Property Registrar's duty to assess the documents filed with the Property Registry in accordance with the principle of priority of record ("principio de prioridad registral"). Pursuant to such principle, the defendants filed the request to cancel the expired mortgage before the creditor filed its cautionary notice of complaint. The court did not delve into the requirements for tolling prescription or whether the creditor effectively tolled such period. The court thus ruled that the Property Registrar's action was appropriate. See Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. at 103-104, 96 P.R. Offic. Trans. 13 ("As to the scope of the controversy, we limited our ruling to whether, in accordance with the *principle of priority of record*, it was proper either to cancel a mortgage on the grounds of prescription or to record the cautionary notice of complaint that was filed after the petition to cancel the mortgage was recorded.")

In the most recent case of Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. 96, 96 P.R. Offic. Trans. 13, the defendants sought review through a petition for writ of certiorari from a judgment entered by the Puerto Rico Court of Appeals, which ruled "that the action for foreclosure had [] been interrupted because the amended complaint related back to the original complaint; therefore, the mortgage right was still valid." Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. at 108, 96 P.R. Offic. Trans. 13. "To such ends, the [Puerto Rico] Court of Appeals ordered the Registry to annul the entry of mortgage cancellation and, consequently, reinstate the mortgage." Id. In this second case before the Supreme Court of Puerto Rico, the court was tasked with deciding "whether the limitation period to bring an action for foreclosure--with mortgage notes payable on demand--may be interrupted outside the Registry or, contrariwise, whether this interruption must be recorded in the Registry for it to take effect." Id. at 120, 96 P.R. Offic. Trans. 13.

In distinguishing this case from the previous decision in <u>Distribuidores Gas PR v. Registradora</u>, 188 P.R. Dec. 351, the Supreme Court pointed out that "renowned legal scholars contend that registrars, within the scope of their duties, lack sufficient information to determine whether a recorded right has effectively been extinguished by prescription or whether there has been an act to interrupt the limitation period." <u>Dist. Unidos Gas v. Sucn. Declet Jimenez</u>, 196 P.R. Dec. at 116, 96 P.R. Offic. Trans. 13. Therefore, it ruled "that deciding whether the statute of limitations on an action for foreclosure was effectively interrupted is a contentious matter that falls *exclusively* to the courts." <u>Id</u>.

Upon consideration of the facts and the parties' arguments, the Supreme Court of Puerto Rico explained the following:

[T]he law allows for interrupting the statute of limitations on an action for foreclosure regarding mortgage notes payable on demand **without the need for an entry in the Registry showing said interruption.**

As stated above, Distribuidores filed the original complaint for collection of money *within* the period provided for commencing the action for foreclosure. Subsequently, respondent amended the complaint to join the foreclosure action. Seeing that the new cause of action arises from the same set of facts set forth in the original complaint, the amendments related back to the date the original complaint was filed. **This leads to the inescapable conclusion that the action for foreclosure was also filed within the limitation period provided in our legal system.** Thus, one of the possible ways of interrupting the statute of limitations clearly took place, namely, the filing of a complaint before the courts by the creditor.

Nonetheless, petitioners argue that these modes of interruption must be entered in the Registry. We are not persuaded by this argument. As we have seen, the sizeable legal scholarship on this subject does not support this argument.

Neither is such a requirement inferred from our Civil Code or any other applicable law.

Id. at 122, 96 P.R. Offic. Trans. 13 (emphasis ours). The court reconsidered the cancellation of the mortgages and ordered that the mortgages be reinstated. The court clarified that its ruling "does not call into question the performance of this Registrar's duties or [its] holding in Distribuidores Gas PR v. Registradora since this is a contentious matter--exclusively reserved to the courts--that could not be heard through an administrative appeal." Id. at 123-124, 96 P.R. Offic. Trans. 13.

Pursuant to Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec. 96 (2016), an event that tolls the twenty-year prescriptive period of a mortgage foreclosure can occur without the need for an entry in the Property Registry so showing. The tolling event must be unequivocal as to the intent of the holder of a right to preserve and exercise such right. See SLG Garcia-Villega v. ELA, 190 P.R. Dec. 799, 816 (2014). Moreover, such tolling event must occur within the prescriptive period. See Plaza de Descuentos, S.E. v. Estado Libre Asociado de Puerto Rico, 178 P.R. Dec. 777, 788 (2010) (stating that for tolling to occur there must be a right that has not prescribed yet). See also, Millan Martinez v. Miranda Gonzalez, 2018 WL 10562157, at *4 (D.P.R. Apr. 18, 2018) ("In order for an acknowledgment of a debt to effectively toll the statute of limitations, the acknowledgment must have been effected by the debtor or his authorized representative, by legal means, voluntarily and within the statute of limitations.")

As per the minutes of the confirmation hearing, Island Portfolio alleged that the state court case became a foreclosure action upon the filing of the Agreement for Payment of Judgment. However, for the state court case to become a foreclosure case, the plaintiff must have filed an amended complaint or pleading within the prescriptive period unequivocally exercising its foreclosure rights. See Dist. Unidos Gas v. Sucn. Declet Jimenez, 196 P.R. Dec.

at 117-118, 96 P.R. Offic. Trans. 13 ("in order for the amended pleadings to have this retroactive effect, the new pleadings or defenses stated in the amended complaint must arise from the same conduct, transaction, omission, or occurrence set forth in the original pleading.") Island Portfolio failed to submit any amended pleadings filed in the state court case that would carry retroactive effect for the court to conclude that the prescriptive period was tolled prior to its expiration on December 3, 2004.

The court also notes that the Agreement for Payment of Judgment was executed on December 29, 2006, after the twenty-year statute of limitations expired. (Proof of Claim No. 5-1, Part 4.) While Mr. Torres Rodriguez acknowledged the debt and the mortgage over the property in this document, it was executed after the prescriptive period had elapsed. Other than referencing a general waiver provision in such agreement, Island Portfolio did not cite any applicable law or raise any argument for the court to conclude that the prescriptive period was tolled prior to its expiration. As such, the court finds that the twenty-year prescription for Island Portfolio to exercise a mortgage foreclosure expired on December 3, 2004, and was not tolled. The mortgage was extinguished by prescription because twenty years had elapsed since its constitution and the Property Registrar properly cancelled it pursuant to state law.

**iii. Waiver of right to raise objections and defenses in the Agreement for Payment of Judgment**

Having found that the twenty-year prescriptive period was not effectively tolled, the court will now address Island Portfolio's argument as to Mr. Torres Rodriguez's waiver of any objections and defenses found in the Agreement for Payment of Judgment. The court must determine the effect, if any, of such waiver provision on the prescription of the mortgage.

In the Agreement for Payment of Judgment, the executing parties, including Mr. Torres Rodriguez, agreed to waive any "objections, defenses, arguments,

appeals, certiorari requests or any other judicial proceeding of any nature that is not the payment in accordance with the agreement." The only specific reference in this waiver provision is the parties' agreement to toll the five-year term under Rule 51.1 of the Rules of Civil Procedure of 1979 for the execution of judgments. (See Proof of Claim No. 5-1, Part 4, p. 3.) There is no language in this provision in which the parties waive the twenty-year mortgage prescription. Furthermore, Island Portfolio did not provide any legal authority to support that such overly broad language constitutes a waiver of a clear statutory period under Puerto Rico law, or that such prescriptive period may even be waived which this court questions.

As stated earlier, Article 180 of the 1979 Mortgage Act provides that a "mortgage action prescribes twenty years from the date it could have been brought in accordance with the recorded title." P.R. Laws. Ann. tit. 30, § 2576. The Puerto Rico Civil Code of 1930 ("1930 Civil Code") also states that "[a] mortgage action prescribes after twenty (20) years . . . ." P.R. Laws. Ann. tit. 31, § 5294. "Actions are prescribed by the mere lapse of time specified by law." P.R. Laws. Ann. tit. 31, § 5291.

Given the accessory nature of a mortgage, the Supreme Court of Puerto Rico has stated that one of the ways in which the principal obligation ceases to exist is through prescription. Therefore, generally, a mortgage is extinguished upon the expiration of the prescriptive period to exercise a mortgage foreclosure action. See, Westernbank v. Registradora, 174 P.R. Dec. 779, 785 (2008). Article 145 of the 1979 Mortgage Act provides the following regarding the cancellation of a duly recorded mortgage:

At the request of a party, by notarized affidavit, Registrars shall cancel mortgages which expired more than twenty years before or, if they had no maturity date when granted, after being established, provided the following conditions are met:

(1) That no lawsuit or procedure for the collection or foreclosure of the mortgage whatsoever appears in the Registry.

(2) That in spite of the time that has elapsed, the Registry does not reveal that said lien still exists because of some claim, act or acknowledgment that may denote the existence of a mortgage, by suspension or interruption of the releasing prescription, or any other cause.

P.R. Laws. Ann. tit. 30, § 2469. Therefore, "registrars will cancel those mortgages that exceed twenty years from becoming due or if no time term is shown, then from twenty years from when the mortgages were executed." Fed. Deposit Ins. Corp. v. Sunrise Partners II, S.E., 2012 WL 12996278, at *6 (D.P.R. July 13, 2012), report and recommendation adopted, 2012 WL 12996207 (D.P.R. July 31, 2012). By virtue of the applicable provisions the mortgage ceases to exist by the mere passage of time, when the twenty-year period has elapsed without it being tolled.  The registrars can cancel by the presentation of an instancia and even without it, without notice to the creditor.  As provided above, the Supreme Court of Puerto Rico has stated that the prescriptive period may in effect be tolled even if such tolling is not reflected in the Property Registry, but no such ruling applies to an alleged waiver.  Furthermore, the waiver provision, which refers to objections and defenses, cannot apply in this case because once the mortgage is prescribed without it being tolled the mortgage ceases to exist pending the registrar's ministerial task of canceling it, and there may not be objections and defenses to be waived.

Therefore, the waiver provision in the Agreement for Payment of Judgment did not waive the prescriptive period under Article 180 of the 1979 Mortgage Act, P.R. Laws. Ann. tit. 30, § 2576.

**VI.   CONCLUSION**

For the reasons stated above, the court finds that Island Portfolio's mortgage lien expired by operation of state law and that its claim is unsecured. As such, the objection to claim number 5-1 filed by Mr. Torres Rodriguez and Mrs. Silva Rodriguez (Dkt. No. 34) is granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30 day of October, 2024.

Edward A. Godoy
United States Bankruptcy Judge